Moss v. Grabill                          CV-01-220-M    09/30/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Stephen M. Moss,
      Plaintiff

      v.                                    Civil No. 01-220-M
                                            Opinion No. 2003 DNH 163
Robert L. Grabill,
      Defendant


                          **O R D E R**


     Having carefully reviewed the memoranda and affidavits

submitted, the court cannot find that defendant is entitled to

judgment as a matter of law.  Given the evidence of record, and

depending upon how it is presented at trial, a reasonable jury

could plausibly find that Grabill's statements to Donovan, as he

describes them and as Donovan describes them, substantially

exaggerated the gravity of the complaints actually received,

thereby giving the false impression that Moss had been accused of

serious sexual misconduct.  At a minimum, the court cannot

conclude that, as a matter of law, all of the (alleged)

statements attributed to Grabill, considered in context, are

incapable of defamatory meaning.  In other words, on this record,

the court is constrained to conclude that a jury might reasonably

conclude that the meaning intended (and actually conveyed) by Grabill's (alleged) statements was that complaints alleging serious sexual misconduct of some sort had been made against Moss, when in fact none of the complaints directly accuses Moss of such misconduct.

The complaints actually received could be construed as comparatively benign.[1] And, Grabill's comments to Donovan about those complaints might be found to have conveyed, and were intended to convey, the impression that serious misconduct had been asserted. For example, while no complaint received seems to directly accuse Moss of sexual misconduct, Grabill acknowledges having said to Donovan "that the kind of complaints the camp had received raised a question as to whether they had to be referred to and processed through, the State of New Hampshire." A reasonable trier of fact might plausibly conclude that Grabill was referring to the reporting requirements set forth in RSA 169-C:29, relative to incidents of possible child abuse. Moreover, Donovan alleges that Grabill said that "there are three known

_____

[1] Of course, a jury might reasonably view the complaints as implicitly suggesting that Moss had engaged in inappropriate sexual contact with campers. That question cannot, however, be resolved as a matter of law.

2

charges" and that "the good [Moss] did could not be offset by what happened here" - statements a jury might plausibly conclude falsely described the gravity of the complaints actually received.

While plaintiff's case on the merits appears to be particularly thin, and the interposed defenses particularly strong, on this record summary judgment is simply not available. Defendant's motion for summary judgment (document no. 28) is, therefore, denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 30, 2003

cc:  Robert R. Lucic, Esq.
     Marie M. McPartlin, Esq.
     Russell F. Hilliard, Esq.
     Martha Van Oot, Esq.